UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NYK LOGISTICS (AMERICAS), INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:06CV1080 HEA |
| ) | |
| JEFFREY C. SAUER, JCS LOGISTICS, INC., ) | |
| and ECI, INC. d/b/a ECKLUND CARRIERS ) | |
| and d/b/a ECKLUND LOGISTICS, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the Motion for Extension of the Temporary Restraining Order dated July 18, 2006, [Doc. No. 18]. A hearing was held on July 28, 2006. Counsel for plaintiffs and for defendants Jeffrey C. Sauer and JCS Logistics, Inc. appeared at this hearing. Arguments were presented by both sides represented. For the reasons set forth below, the Motion is granted.

The sole dispute as to the extent of the restraining order was defendants' use of "customer lists" which counsel for defendants argued is not protected through the confidentiality agreement executed by defendant Jeffrey Sauer. Defendants argued that customer lists do not, under Missouri law, fall within the provisions of a "trade secret" and therefore, absent an agreement not to compete, defendant is free to use plaintiff's customer lists in his newly created competing business. Defendants cite

the Court to two decisions rendered by this Court in support of their position. These decisions, however, do not provide a basis for denying the extension.

In *Conseco Finance Servicing Corp v. North American Mortgage Co.*, Cause Number 4:00CV1776 ERW, the Court found customer lead sheets, regarding which employees were required to sign a form acknowledging their confidentiality, to be protected. The customer lead sheets were compiled through a unique proprietary formula and a number of steps to insure the confidentiality of these lead sheets were taken by Conseco. Similarly, the information sought to be protected encompasses more than simply names of customers. The very essence of the instant business is the customer emails and telephone numbers. This information is not merely the contact information; email and telephone calls are the only ways these companies transact business. Furthermore, plaintiff has taken a number of steps to insure the confidentiality of its customer database and pricing information; the information is not easily accessible through other means; access to the information is protected in plaintiff's computer system by requiring a password to reach the information. Plaintiff also requires its employees to sign a non-disclosure agreement. While customer lists *per se* may not be routinely protected by the Uniform Trade Secrets Act, the information at issue herein is not simply a list of plaintiff's customers, rather it appears to be a compilation of relevant information about its customers necessary for plaintiff to conduct its business. Likewise, plaintiff's requirement that

its employees sign the non-disclosure agreement establishes the efforts taken to ensure the confidentiality of the information. As Judge Webber set forth in *Conseco*, courts generally rely on six factors in determining whether a particular piece of information is a trade secret: (1) the extent to which the information is known outside the movant's business, (2) the extent to which it is known by employees and others involved in that business, (3) the extent of measures taken by the movant to guard the secrecy of the information, (4) the value of the information to him and his competitors, (5) the amount of effort or money expended by movant in developing that information, and (6) the ease or difficulty with which the information could be properly acquired or duplicated by others. *Baxter International, Inc. v*. Morris, 976 F.2d 1189, 1194 ( 8th Cir. 1992). Although defendants attempt to characterize the information solely as a "customer list" the information to be protected does not fall within this characterization; the information involves much more in this particular business than merely a list of customers.[1]

---

[1] Defendant also relies on Judge Sippel's opinion in *Sofmart , Inc. v. Software Plus*, Cause Number 05CV285 RWS. In this case, however, it was conceded that the entire list of email addresses could have been recreated in approximately two weeks. Defendant admitted that the email addresses could be found by any member of the public by doing research. This is not true with regard to the email addresses at issue herein. The compilation of email addresses, names and pricing information is not readily available to defendant, and it is only through plaintiff's protected database that he was able to acquire this information.

Under the factors set forth in *Dataphase Systems, Inc. v. CL Systems, Inc.*, 640 F.2d 109, 114 the Court finds that extension of the Temporary Restraining Order is appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that Pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, the Court hereby extends the Temporary Restraining Order entered on July 18, 2006, which otherwise expires on August 1, 2006, for an additional ten (10) business days, up to and including August 15, 2006.

**IT IS FURTHER ORDERED** that THE CUSTOMER CONTACT LIST PRODUCED BY DEFENDANTS Sauer and JCS Logistics, Inc., and bates-stamped JCS00051-JCS00068 and the customer name, contact information and pricing (rate) information on the Sauer handwritten documents bates-stamped JCS00333-00527 shall be deemed specifically to constitute confidential information for the purposes of the July 18, 2006 Temporary Restraining Order and the extension of that Temporary Restraining Order through August 15, 2006.

**IT IS FURTHER ORDERED** that this case is set for a preliminary injunction hearing on August 15, 2006, at 11:00 a.m. in the courtroom of the undersigned.

**IT IS FURTHER ORDERED** that the bond in this matter previously set at

$1,500 shall be increased to $75,000.

Dated this 31st day of July, 2006.

                                              HENRY EDWARD AUTREY
                                     UNITED STATES DISTRICT JUDGE